UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KAIRI SHARIF SANDERS,

        Plaintiff,                Case No. 1:21-cv-292

v.                                     Honorable Paul L. Maloney

GAIL SCANLON et al.,

        Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

### Discussion

I.    **Factual allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Muskegon Correctional Facility (MCF) in Muskegon, Muskegon County, Michigan. The events about which he complains occurred at that facility. Plaintiff sues the following MCF employees: Correctional Officers Gail Scanlon and Unknown Knapp, Head

Librarian E. Hardiman, Assistant Librarian-Tech Kevin Brown, and Residential Unit Manager J. Winger.

Plaintiff alleges that on April 28, 2018, Defendant Knapp gave him legal mail that the facility had received 10 days before, on April 18, 2018. Plaintiff alleges that Defendants Scanlon and Knapp intentionally delayed delivery of his mail during that 10-day period. When Plaintiff opened his mail, he found what he describes as an order,[1] dated April 13, 2018. Plaintiff disagreed with the filing and purportedly wanted to seek reconsideration under Michigan Court Rules. Because more than two weeks had passed since the order had issued, Plaintiff had less than a week to file a motion for reconsideration.

Plaintiff acted quickly to prepare a motion for reconsideration but faced challenges. Defendant Hardiman allegedly denied Plaintiff's request for access to the law library on April 30, 2018. On May 1–2, 2018, Defendants Brown and Hardiman refused to expedite Plaintiff's request to photocopy legal documents. Plaintiff pleaded with Defendant Winger on May 2, 2018. Defendant Winger called and emailed Prisoner Counselor Ronald Sellers (not a party) to authorize a photocopy disbursement, but Sellers had already left for the day.

Plaintiff asserts that an unspecified MCF staff member eventually assisted him with obtaining photocopies. Afterward, Plaintiff submitted his motion for reconsideration, but his motion was allegedly considered untimely. Plaintiff argues that he suffered irreparable injury as a result of Defendants' conduct.

Plaintiff seeks declaratory relief, compensatory damages, punitive damages, costs, and fees.

---

[1] The document Plaintiff attached to the complaint indicates that the "order" instead was "the original Petitioner's Response to [Plaintiff]'s Delayed Petition for Review/Reconsideration of the Panel's Stipulated Order to Dismiss Formal Complaint and Vacating Order Transferring Respondent to Inactive Status." (ECF No. 1-4, PageID.16.)

2

Case 1:21-cv-00292-PLM-RSK   ECF No. 7, PageID.71   Filed 10/07/21   Page 3 of 8

II.     **Failure to state a claim**

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to

identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

III. **Access to the Courts**

Plaintiff alleges that each of the Defendants interfered with his access to the courts by either holding his legal mail or failing to expedite his work requests.

It is clearly established that prisoners have a constitutionally protected right of access to the courts under the First and Fourteenth Amendments. *See Lewis v. Casey*, 518 U.S. 343, 354 (1996); *Bounds v. Smith*, 430 U.S. 817, 821 (1977); *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Prison officials have a two-fold duty to protect a prisoner's right of access to the courts. *McFarland v. Luttrell*, No. 94-6231, 1995 WL 150511, at *3 (6th Cir. Apr. 5, 1995). First, they must provide affirmative assistance in the preparation of legal papers in cases involving constitutional rights, in particular criminal and habeas corpus cases, as well as other civil rights actions relating to the prisoner's incarceration. *Id.* (citing *Bounds*, 430 U.S. at 824-28). Second, the right of access to the courts prohibits prison officials from erecting any barriers that may impede the inmate's accessibility to the courts. *Id.* (citing *Knop v. Johnson*, 977 F.2d 996, 1009 (6th Cir. 1992)); *see also Bounds*, 430 U.S. at 822 (citing *Ex parte Hull*, 312 U.S. 546, 549 (1941)). In order to state a viable claim for interference with his access to the courts, a plaintiff must show actual injury to nonfrivolous pending or contemplated litigation. *See Lewis*, 518 U.S. at 349; *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001); *Talley-Bey v. Knebl*, 168 F.3d 884, 886 (6th Cir. 1999); *Knop*, 977 F.2d at 1000. In addition, the Supreme Court squarely has held that "the underlying cause of action . . . is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (citing *Lewis*, 518 U.S. at 353 & n.3). "Like any other element

of an access claim, the underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant." *Id.* at 416.

Additionally, the Supreme Court has strictly limited the types of cases for which there may be an actual injury:

> *Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

*Lewis*, 518 U.S. at 355. "Thus, a prisoner's right to access the courts extends to direct appeals, habeas corpus applications, and civil rights claims only." *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999) (en banc). Moreover, the underlying action must have asserted a non-frivolous claim. *Lewis*, 518 U.S. at 353; *accord Hadix v. Johnson*, 182 F.3d 400, 405 (6th Cir. 1999) (*Lewis* changed actual injury to include requirement that action be non-frivolous).

Plaintiff's claim suffers from at least three defects. Most importantly, Plaintiff fails to show that he suffered an actual injury as described by *Thaddeus-X*. Documents Plaintiff attached to his complaint explain that Defendants purportedly interfered with a proceeding before the Michigan Attorney Discipline Board (Board) brought by the Attorney Grievance Commission (Commission). (ECF No. 1-4, PageID.16.) Clearly, a proceeding before an attorney grievance body is not one of the three types of proceedings identified above for which a prisoner may bring an access to the courts claim. *See Thaddeus-X*, 175 F.3d at 391. Therefore, even if Defendants interfered with Plaintiff's interactions with the Board, his access to the courts claim must fail.

Yet, Plaintiff's claim fails for at least two more reasons. First, Plaintiff was not a party but instead the complainant to the attorney grievance proceeding. (*Id.*) The Michigan Supreme Court has held that such proceedings "are not concerned with enforcing the rights of the

5

individuals involved" because "[t]he civil courts are provided for that." *In re Daggs*, 187 N.W.2d 227, 228 (Mich. 1971).  Attorney grievance proceedings instead seek to protect the public interest. *Id.* at 228–29.  A complainant's interest in an attorney grievance proceeding resembles a victim's interest in a criminal prosecution.  In the case of the latter, "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973).  Thus, for parallel reasons, multiple courts have concluded that complainants similarly lack a judicially cognizable interest in the attorney disciplinary hearings originating from their grievances. *See Rogers v. Borkowsky*, No. 17-cv-3909, 2018 WL 11234015, at *4 (E.D.N.Y. July 31, 2018); *Bracci v. Becker*, No. 11-cv-1473, 2013 WL 123810, at *11 (N.D.N.Y. Jan. 13, 2013); *Weisshauss v. New York*, No. 08-cv-4053, 2009 WL 2579215, at *4 (S.D.N.Y. Aug. 20, 2009); *Mele v. Connecticut*, No. 3:06-cv-1571, 2007 WL 484618, at *2 (D. Conn. Feb. 6, 2007).  Consequently, Plaintiff fails to demonstrate that he had any judicially cognizable interest in the attorney grievance proceeding.  Because he lacked any judicially cognizable interest in the proceedings, he cannot demonstrate that he suffered any injury even if Defendants frustrated his interactions with either the Commission or the Board.

Plaintiff's claim suffers for another reason.  The crux of the complaint alleges that Defendants interfered with Plaintiff's ability to timely reply to a response filed on April 13, 2018. (Compl., ECF No. 1, PageID.4.)  However, in its May 8, 2018, order, the Board clearly concluded that it was Plaintiff's April 12, 2018, petition that was untimely—not some later filing.  (ECF No. 1-6, PageID.20.)  The Board noted that Plaintiff had failed to justify why he had waited more than five months to appeal its November 7, 2017, order.  (*Id.*)  Moreover, notwithstanding the untimely filing, the Board reviewed Plaintiff's concerns on the merits and concluded that it had

6

not erred in its November 7, 2017, order. (*Id.*) Consequently, Plaintiff is unable to show any injury.

For all of the foregoing reasons, Plaintiff utterly fails to state an access to the courts claim. Accordingly, the Court will dismiss the claim.

IV.     **Retaliation**

Plaintiff also alleges that each of the Defendants retaliated against him by either holding his legal mail or failing to expedite his work requests.

Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish three elements: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

It is well recognized that "retaliation" is easy to allege and that it can seldom be demonstrated by direct evidence. *See Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005); *Murphy v. Lane*, 833 F.2d 106, 108 (7th Cir. 1987). "[A]lleging merely the ultimate fact of retaliation is insufficient." *Murphy*, 833 F.2d at 108. "[C]onclusory allegations of retaliatory motive 'unsupported by material facts will not be sufficient to state . . . a claim under § 1983.'" *Harbin-Bey*, 420 F.3d at 580 (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538–39 (6th Cir. 1987)); *see also Murray v. Unknown Evert*, 84 F. App'x 553, 556 (6th Cir. 2003) (in complaints screened pursuant to 28 U.S.C. § 1915A, "[c]onclusory allegations of retaliatory motive with no

7

concrete and relevant particulars fail to raise a genuine issue of fact for trial") (internal quotations omitted); *Lewis v. Jarvie*, 20 F. App'x 457, 459 (6th Cir. 2001) ("[B]are allegations of malice on the defendants' parts are not enough to establish retaliation claims" that will survive § 1915A screening) (citing *Crawford-El v. Britton*, 523 U.S. 574, 588 (1998)). Plaintiff merely alleges the ultimate fact of retaliation in this action. He has not presented any facts whatsoever to support his conclusion that Defendants retaliated against him. Therefore, he fails to a state a retaliation claim against Defendants. *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Accordingly, the Court will dismiss the retaliation claim against them.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court certifies that an appeal would not be taken in good faith.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.

Dated:  October 7, 2021                              /s/ Paul L. Maloney
                                                     Paul L. Maloney
                                                     United States District Judge